IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARVIN RAY YATES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-037-O |
| | § | |
| LORIE DAVIS, Director,[1] | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed

by petitioner, Marvin Ray Yates, a state prisoner confined in the Correctional Institutions Division

of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ,

Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded

that the petition should be dismissed as time-barred.

## I. BACKGROUND

On June 22, 2009, pursuant to a plea agreement Petitioner pleaded guilty in the Criminal

District Court Number Two of Tarrant County, Texas, to driving while intoxicated - felony repetition

and true to two sentence-enhancement paragraphs in the indictment, and the trial court assessed his

punishment at 25 years' imprisonment. State Habeas R., WR52-282-02, 68-75, ECF No. 9-3.

Petitioner did not directly appeal his conviction or sentence. Pet. 3, ECF No. 1. On September 1,

2015, Petitioner filed a state habeas-corpus application, raising one or more of the claims presented

---

[1]Effective May 4, 2016, Lorie Davis replaced William Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

herein, which was denied by the Texas Court of Criminal Appeals on October 28, 2015, without written order on the findings of the trial court.[2] *Id.* at 18 & "Action Taken," ECF No. 9-2. Petitioner filed this federal habeas petition on January 11, 2016,[3] wherein he raises the following grounds for relief:

    (1)      The indictment was fundamentally defective;

    (2)      He received ineffective assistance of trial counsel; and

    (3)      The trial court engaged in judicial misconduct.

Pet. 6-7, ECF No. 1. Respondent asserts the petition is time-barred under the federal statute of limitations.

## II. DISCUSSION

    Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

    (1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–

        (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C)  the date on which the constitutional right asserted was initially

---

[2]Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not state the date Petitioner placed the document in the prison mailing system, however the "Inmate's Declaration" was signed by Petitioner on September 1, 2015; thus, the Court deems the application filed on that date.

[3]Likewise, a federal habeas petition filed by an inmate is deemed filed when the petition is placed in the prison mail system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Because Petitioner's claims relate to the 2009 Tarrant County plea proceedings and resulting judgment of conviction, subsection (A) is applicable to this case. Under that provision, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time Petitioner had for filing a timely notice of appeal on July 22, 2009, and closed one year later on July 22, 2010, absent any applicable tolling. TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Petitioner's state habeas application filed on September 1, 2015, more than five years after limitations had already expired did not operate to toll the limitations period under the statutory provision. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Therefore, Petitioner's petition filed on January 27, 2016, is untimely unless Petitioner can demonstrate that he is entitled to tolling as a matter of equity.

For equitable tolling to apply, a petitioner must show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way" and prevented him from

3

filing a timely petition or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)). Petitioner did not respond to  Respondent's preliminary answer or otherwise explain his delay or make any reference to actual innocence in his petition. His lengthy delay further mitigates against equitable tolling.

Accordingly, Petitioner's federal petition was due on or before July 22, 2010. His petition filed on January 11, 2016, is therefore untimely.

## III.  CONCLUSION

For the reasons discussed, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED as time-barred. Further, for the reasons discussed, a certificate of appealability is DENIED.

**SO ORDERED** on this 21st day of March, 2017.


Reed O'Connor
**UNITED STATES DISTRICT JUDGE**